1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11   LUCY O'BRYAN,                    Case No.: 17cv1027-WQH-MDD

12                          Plaintiff,
                                      **ORDER DENYING JOINT**
13   v.                               **MOTION TO DESIGNATE**
                                      **EXPERT**
14   PIER 1 IMPORTS, (U.S.), INC.,

15                          Defendant.  **[ECF NO. 14]**

16

17        On February 23, 2018, a Joint Motion for Leave to Designate Expert

18   was filed. (ECF No. 14).  Plaintiff seeks leave to designate a medical expert;

19   Defendant opposes.  The motion is DENIED.

20                           BACKGROUND

21        This is a straightforward personal injury case.  (ECF No. 1).  A

22   scheduling order regulating discovery and other pretrial proceedings was

23   issued September 11, 2017.  (ECF No. 8).  Among other things, initial expert

24   disclosures were to be served by November 6, 2017; rebuttal expert

25   disclosures were to be served December 8, 2017; and all discovery was to have

26   been completed by January 16, 2018.  The Final Pretrial Conference date

27   currently is set before Judge Hayes on May 18, 2018. (*Id.*).

1

# DISCUSSION

Plaintiff seeks to designate Dr. Sidney Levine as an expert witness. Plaintiff contends that Dr. Levine was not designated as an expert witness due to a clerical error by his legal assistant. (ECF No. 14-1 at 3). According to Plaintiff, she "does not propose to designate as an expert witness a person with whom Defendant has no familiarity." (*Id.*). "On the contrary, Defendant has been aware of Dr. Levine's examination and treatment of Plaintiff, and has been in possession of Dr. Levine's medical records and bills, for months." (*Id.*). Plaintiff asserts that there is no prejudice to Defendant and also proposes that any potential prejudice to Defendant be cured by continuing the pretrial dates. (*Id.*).

In response, Defendant asserts that it would be greatly prejudiced because "it would contradict all the evidence [Defendant] has prepared its entire defense on" including "Plaintiff's verified discovery responses and deposition, sworn under penalty of perjury." (ECF No. 14-5 at 6). Defendant also contends that Plaintiff has demonstrated a habit of disregarding the operative scheduling order. For example, Defendant maintains that it received Plaintiff's initial disclosures sixty days late and Plaintiff served written discovery requests so close to the discovery cutoff that Defendant's responses were due three days after the close of discovery. (ECF No. 14-5 at p. 3). In support of its opposition, Defendant cites *Wong v. Regents of the University of California*, 410 F.3d 1052, 1062 (9th Cir. 2005) for the proposition that a late expert designation is not harmless because "[d]isruption to the schedule of the court and other parties is not harmless." (ECF No. 14-5 at 2).

Plaintiff's motion to designate Dr. Levine as her expert actually is a request to amend the scheduling order and reopen discovery. Federal Rule of

17cv1027-WQH-MDD

Civil Procedure 16(b)(4) governs such requests. To succeed on a request to amend a scheduling order under Rule 16(b)(4), a movant must establish "good cause" for doing so. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992). The good cause inquiry focuses primarily on the movant's diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d at 609. If the court finds a lack of diligence, "the inquiry should end." (*Id.*).

The Court is unpersuaded that the Plaintiff has been diligent. Plaintiff points to an internal calendaring error for the failure to disclose Dr. Levine as her expert. On January 24, 2018, Plaintiff moved to continue the mandatory settlement conference, which had been scheduled in the original Scheduling Order for January 31, 2018. (ECF No. 10). That should have prompted a look at the schedule inasmuch as the mandatory settlement conference typically occurs after the close of discovery. Another four weeks passed before Plaintiff filed the instant motion. (ECF No. 14). The Ninth Circuit has stated that "courts set schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to." *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005). Plaintiff has failed to present good reasons to grant the requested relief.

//

//

//

//

//

3

## CONCLUSION

Plaintiff's Motion to Designate Expert, as presented in the instant joint motion is **DENIED**.   Although this order precludes Plaintiff from designating an expert witness, Plaintiff is not precluded from calling Dr. Levine as a percipient witness, subject to any objections by Defendant.

IT IS SO ORDERED.

Dated:   March 5, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge